United States District Court
Northern District of California

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

CHARLES HOLMES,

    Defendant.

Case No.: 4:12-cr-0891 PJH (KAW)

DETENTION ORDER

## I. BACKGROUND INFORMATION

Defendant Charles Holmes is charged in an indictment with violations of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm) and 18 U.S.C. § 924(d) (forfeiture of firearm). On January 15, 2013, the United States moved for Defendant's detention pursuant to the Bail Reform Act, and asked for a hearing as permitted by 18 U.S.C. § 3142(f). Pretrial Services prepared a full bail study. On January 18, 2013, the court conducted a detention hearing. Defendant was present, in custody, and represented by Assistant Public Defender Joyce Leavitt. Assistant United States Attorney Rodney Villazor appeared on behalf of the Government. For the reasons stated below, the court orders that Defendant be detained.

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. If the government does not meet its burden, the court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or danger to the community. Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to

rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, pretrial release should be denied "[o]nly in rare circumstances." *Motamedi,* 767 F.2d at 1405; *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception"). Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405.

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

**A. The Nature and Circumstances of the Offense and Weight of the Evidence**

The offense charged in this case is felon in possession of a firearm. The indictment charges that Defendant, who had previously been convicted of a felony, possessed a Glock, Model 17, 9 mm semi-automatic pistol. FBI Agent Matt Ernst reported that Defendant fled from arresting officers, and a loaded firearm with a high capacity magazine was recovered near the Defendant. At the time of the arrest, Defendant was on parole relating to a prior felon in

DETENTION ORDER
4:12-cr-0891 PJH (KAW) 2

possession of a firearm state conviction. He also allegedly displayed his firearm to two civilian witnesses who intervened at the scene. Thus, the nature and circumstances of the evidence show that Defendant poses a risk of flight and a danger to the community. While the weight of the evidence is the least important factor in the analysis, it appears to be substantial.

**B. The History and Characteristics of the Defendant and the Nature and Seriousness of the Danger to Any Person or the Community**

Defendant is 26 years old, and has lived with his mother and step-father in Antioch, California since 2006. Defendant attended high school until the 11th grade, but did not graduate. Defendant has a history of depression and anxiety. He received therapy as a child, and was prescribed Wellbutrin, which he does not take. He drinks alcohol socially, and has used marijuana on a daily basis. He has been on disability since he was a child for his depression. His only reported job was in 2008, when he worked at a deli in Safeway for three months.

Defendant's criminal record includes several juvenile and adult arrests. He has been convicted of three felonies: one for burglary in 2008, and two for being a felon in possession of a firearm in 2009 and 2012. As noted above, Defendant was on parole at the time of the instant offense. Defendant's driver's license is currently suspended due to his failure to appear on a traffic matter.

Defendant has lived all of his life in Northern California, except for three years that he spent in Texas as a child. Defendant does not have a passport and has not traveled outside of the United States. He has family in the Antioch, San Francisco, Fairfield, and Daly City, with whom he maintains regular contact. He has been engaged since 2009, and his fiancé, Latasha Hokes, is currently pregnant with their child.

At the hearing, Defendant's mother, Wanda Byrd, and fiancé, Latasha Hokes, were present and agreed to be sureties. They had not been previously interviewed by Pretrial Services. Neither has a criminal record.

Factors that indicate Defendant poses a risk of nonappearance include his failure to appear in traffic court, his mental health problems, and that he fled from arresting officers. Mitigating

DETENTION ORDER
4:12-cr-0891 PJH (KAW)              3

factors include his long-term ties to the community, his proposed sureties, and lack of a passport or international travel.

Defendant's two prior felony convictions for being a felon in possession of a firearm, which is the same crime he is currently being charged with, show that he poses a danger to the community. When Defendant was convicted of the second felon in possession offense, he was on parole. At the time of the arrest in this case, Defendant possessed not just a firearm, but a loaded firearm with a high capacity magazine. He also allegedly displayed the firearm to two civilian witnesses who attempted to intervene. Defendant was on parole at the time of the arrest, and has twice violated his parole previously, showing that he is not amenable to supervision.

### III. CONCLUSION

In light of Defendant's history, the nature of the instant offense, and the weight of the evidence, the Court finds that while there might have been conditions that could have been imposed to address the flight risk, the government has shown by clear and convincing evidence that Defendant presents a risk of danger, and that there is no condition or combination of conditions that will reasonably assure the safety of the community.

For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: January 23, 2013

KANDIS A. WESTMORE
United States Magistrate Judge

DETENTION ORDER
4:12-cr-0891 PJH (KAW)          4